Argued February 20, affirmed March 11, reconsideration denied April 16, petition for review denied April 30, 1974

STATE OF OREGON, *Respondent, v.*
JUNE GRAUF (No. 36960),
*Appellant.*
520 P2d 457

*Verden L. Hockett, Jr.,* Roseburg, argued the cause and filed the brief for appellant.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Brian R. Barnes, Deputy District Attorney, Roseburg.

Before SCHWAB, Chief Judge, and LANGTRY and TANZER, Judges.

PER CURIAM.

This is a companion case with *State v. Grauf,* 11 Or App 114, 501 P2d 345, Sup Ct *review*

*denied* (1972). June Grauf, the manager of a drive-in theater, was charged with and convicted for dissemination of obscene matter in violation of former ORS 167.151. The facts are the same as those resulting in the conviction of Leroy Grauf in the former case; that is, this defendant was charged with the same showing of the movie "Southern Comforts."

In this appeal the same claims of error are made that were made in the former. In this appeal defendant asserts that a new line of cases from the United States Supreme Court exemplified by *Miller v. California,* 413 US 15, 93 S Ct 2607, 37 L Ed 2d 419 (1973), dictates a different conclusion than that of the former *Grauf* case. Our perusal of the cited new authorities leads us to conclude that our holding in the former case is still applicable.

Affirmed.

SCHWAB, C. J., specially concurring.

This is a companion case to *State v. Grauf,* 11 Or App 114, 501 P2d 345, Sup Ct *review denied* (1972). I dissented in that case and adhere to the views I expressed in that dissent. However, since I am satisfied that a majority of the court does not share my views I see no useful purpose to be served in again dissenting.

TANZER, J., dissenting.

I dissent for the reasons expressed in the dissent to the companion case, *State v. Grauf,* 11 Or App 114, 501 P2d 345, *rev den* (1972). It is clear that the films involved in this case cannot be considered constitutionally obscene under the line of cases from the United States Supreme Court which are set out in that dissent.

The only distinction between this case and those is that here sexually explicit images are displayed on the outdoor screen of a drive-in theatre. Unlike a private theatre whose adult patrons consent to view the film, an outdoor display is seen by youngsters in the area and is offensive to neighbors and passersby who would prefer not to see such things. Unless public display is expressly forbidden by the statute, however, the United States Supreme Court has ruled that the foisting of such material upon children or upon an unseeking public is constitutionally permissible. *Rabe v. Washington,* 405 US 313, 92 S Ct 993, 31 L Ed 2d 258 (1972). Therefore, the problem of public display of objectionable sexual images is one for legislative rather than judicial remedy.

For these reasons, I regret that I must dissent.